UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MASTERBUILT MANUFACTURING, INC.,** } } } | |
| Plaintiff, } } | |
| } | CASE NO. 2:12-cv-3438-SLB |
| v. } } | |
| **BRUCE FOODS CORPORATION,** } } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is currently before the court on Masterbuilt Manufacturing, Inc.'s ("Masterbuilt") Motion to Dismiss Counts I-III of Bruce Foods Corporation's ("Bruce Foods") Counterclaim, (doc. 21).[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Motion to Dismiss is due to be denied.

## I. STANDARD OF REVIEW

The purpose of a motion authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure is to evaluate the facial sufficiency of a pleading – in this case, a counterclaim. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 308 (S.D. Fla. 2001) ("A motion to dismiss a counterclaim under Rule 12(b)(6) is treated the same as a motion to dismiss a complaint.").

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Rule 12(b)(6) must be read together with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotation marks omitted). In deciding a 12(b)(6) motion to dismiss, the court accepts the allegations in the pleading as true and construes such allegations in the light most favorable to the pleader. *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011) (quoting *Am. Dental Ass'n*, 605 F.3d at 1288). The pleading "does not need detailed factual allegations" to withstand a 12(b)(6) motion; however, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim for relief has "facial plausibility" if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Res judicata, a doctrine under which Masterbuilt seeks dismissal, "is not a defense under 12(b); it is an affirmative defense that should be raised under Rule 8(c)." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) (citations omitted). "Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a

[pleading] may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the [pleading]." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) (citations omitted), *vacated on petition for reh'g, reinstated by* 764 F.2d 1400 (11th Cir. 1985). If a district court considers matters outside the pleadings, the court must convert the 12(b)(6) motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). However, a district court may take judicial notice of public records, such as filings in other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary judgment. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) ("Although this [res judicata defense] is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action."); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) (finding that the district court properly took judicial notice of documents from a prior lawsuit "which were public records that were 'not subject to reasonable dispute' . . . ." (quoting Fed. R. Evid. 201(b))); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 54 (11th Cir. 2006) (per curiam) (finding that the district court's consideration of a complaint filed in a separate case did not require converting the motion to dismiss into a motion for summary judgment).

## II. **STATEMENT OF FACTS**[2]

In April of 2010, Bruce Foods filed a lawsuit against Masterbuilt in Louisiana state court wherein Bruce Foods asserted Louisiana state law claims for breach of contract, unfair and deceptive trade practices, and unjust enrichment. (*See generally* doc. 21-2 at 5-11.) These claims arose from Masterbuilt's alleged failure to fulfill certain contractual obligations under a 2005 cooperative marketing agreement between the parties, the terms of which "were memorialized in writings." (*Id*.) Masterbuilt subsequently removed the case to the United States District Court for the Western District of Louisiana on diversity grounds. (Doc. 21-3 at 2-6.) The parties resolved the lawsuit by entering into a settlement agreement (the "Settlement Agreement"), (*see* doc. 19 at 25 ¶ 7), and the Western District of Louisiana granted the parties' stipulated Motion for Dismissal with Prejudice on September 22, 2011, (doc. 21-4 at 2).

Masterbuilt commenced this litigation against Bruce Foods on September 24, 2012, asserting claims for breach of contract, design patent infringement, utility patent infringement, and trade dress infringement. (*See generally* docs. 2 & 16.) Bruce Foods responded to Masterbuilt's First Amended Complaint by filing an Answer and Counterclaim. (Doc. 19.) Counts I-III of the Counterclaim assert claims for breach of contract, unfair and deceptive trade practices, and unjust enrichment under Louisiana state law based on

---

[2] The facts are taken from Bruce Foods's Counterclaim, (doc. 19), and the attachments to Masterbuilt's Motion to Dismiss, (doc. 21), all of which the court may take judicial notice.

Masterbuilt's alleged misconduct in connection with the 2005 cooperative marketing agreement. (*Id*. at 32-37.)

On December 21, 2012, Masterbuilt filed the instant Motion to Dismiss pursuant to Rule 12(b)(6), relying primarily on the doctrine of res judicata. (Doc. 21.) As an alternative argument, Masterbuilt contends that Bruce Foods has not supported Counts I-III with facts complying with the pleading standard of Rule 8(a)(2). (*Id*.)

### III. **DISCUSSION**

1.  **Res Judicata**

"Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (citations omitted). Under the doctrine, once a court of competent jurisdiction enters final judgment on the merits in a lawsuit, the parties are barred from subsequently relitigating causes of action which were raised or could have been raised in that case. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000).

> Res judicata thus precludes claims which a plaintiff actually raised or could have raised in a prior suit when (1) there is a final judgment in a prior suit on the merits; (2) the decision in the prior suit is rendered by a court of competent jurisdiction; (3) the parties in both suits are identical; and (4) both suits involve the same cause of action.

*Id*. (citing *Citibank, N.A. v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1501 (11th Cir. 1990)).[3]

A review of the documents from the Louisiana lawsuit attached to Masterbuilt's Motion to Dismiss, of which the court takes judicial notice, strongly suggests that Counts I-III of Bruce Foods's Counterclaim are barred by res judicata.  First, the parties stipulated to the dismissal of the Louisiana lawsuit with prejudice, and "a stipulation of dismissal with prejudice . . . normally constitutes a final judgment on the merits which bars a later suit on the same cause of action."  *Astron Indus. Assocs., Inc. v. Chrysler Motors Corp.,* 405 F.2d 958, 960 (5th Cir. 1968) (citations omitted).[4]  Second, neither party disputed that the Western District of Louisiana properly exercised diversity jurisdiction over the prior lawsuit. Third, it is evident on the face of the Louisiana pleadings that the prior lawsuit involved Masterbuilt and Bruce Foods, the same parties named in the present lawsuit.  Finally, a side-by-side comparison of Bruce Foods's Louisiana complaint and the Counterclaim demonstrates that Counts I-III are identical to the causes of action that Bruce Foods asserted in the Louisiana litigation.

---

[3] Because the Western District of Louisiana rendered final judgment in the Louisiana lawsuit, federal law governs the preclusive effect of that action.  *CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003) ("We now hold that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction.").

[4] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

However, "[w]here the parties consent to . . . dismissal based on a settlement agreement," as did the parties in the Louisiana lawsuit, "the principles of res judicata apply (in a somewhat modified form) to the matters specified in the settlement agreement, rather than the original complaint." *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004). "In determining the res judicata effect of an order of dismissal based upon a settlement agreement, [the court] should . . . attempt to effectuate the parties' intent. The best evidence of that intent is, of course, the settlement agreement itself." *Id*. at 1989. Consequently, the court should "look to the agreement itself to determine what claims the parties intended to be finally and forever barred by the dismissal." *Ruple v. Hartford Life & Accident Ins. Co.*, 340 F. App'x 604, 610 (11th Cir. 2009) (citing *Norfolk S. Corp.*, 371 F.3d at 1288) (finding that the appellant did not carry his burden of showing that res judicata was applicable when he neither submitted the settlement agreement into evidence nor discussed the contents of the agreement in argument).

Masterbuilt purposefully excluded the Settlement Agreement from the attachments to its Motion to Dismiss in order to avoid having the Motion to Dismiss converted into a motion for summary judgment. (Doc. 21-1 at 11.) However, pursuant to the aforementioned Eleventh Circuit precedent, the Settlement Agreement must be placed into evidence before the court can determine with absolute certainty what claims the Settlement Agreement covers and what claims Bruce Foods is barred from litigating in subsequent lawsuits. *See Ruple*,

340 F. App'x at 610. Accordingly, Counts I-III of the Counterclaim are not due to be dismissed on res judicata grounds, at least at this stage of the proceedings.

### 2.     Rule 8(a)(2)

Alternatively, Masterbuilt argues that Bruce Foods has not supported Counts I-III with sufficient factual matter satisfying the pleading standard of Rule 8(a)(2). The primary defect, Masterbuilt contends, is Bruce Foods's failure to identify with particularity the writings which memorialized the cooperative marketing agreement. This defect purportedly prevents Masterbuilt from challenging Bruce Foods's allegation that Louisiana law and its statute of limitations for contract claims govern the agreement. Additionally, Masterbuilt contends that it cannot present a statute of limitations defense because the Counterclaim does not specify when Masterbuilt allegedly breached the agreement.

A cursory review of the Counterclaim shows that Bruce Foods has complied with Rule 8(a)(2). The Counterclaim alleges that the parties entered into a cooperative marketing agreement in 2005, it identifies the terms of the cooperative marketing agreement and the parties' contractual obligations thereunder, and it describes in detail how Masterbuilt allegedly breached the agreement, engaged in unfair and deceptive trade practices, and became unjustly enriched. (*See* doc. 19 at 24-37.) Although the Counterclaim does not specifically identify the writings which memorialized the cooperative marketing agreement, Masterbuilt unquestionably has fair notice of what Bruce Foods's claims are and the grounds upon which they rest. Furthermore, Masterbuilt's contention that it cannot adequately raise

a statute of limitations defense without more facts is of no consequence.  Masterbuilt is free to raise statute of limitations as an affirmative defense in its answer notwithstanding Bruce Foods's failure to specify the dates of Masterbuilt's alleged misconduct.  And, nothing prevents Masterbuilt from pursuing a statute of limitations defense after it ascertains through discovery the dates of its alleged misconduct, assuming such misconduct occurred.

## IV.  CONCLUSION

Based on the foregoing, the court is of the opinion that Masterbuilt's Motion to Dismiss Counts I-III of Bruce Foods's Counterclaim, (doc. 21), is due to be denied.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 20th day of September, 2013.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE