
FILED
2013 Sep-20  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MASTERBUILT** } | |
| **MANUFACTURING, INC.,** } | |
| } | |
| **Plaintiff,** } | |
| } | **CASE NO. 2:12-cv-3438-SLB** |
| **v.** } | |
| } | |
| **BRUCE FOODS CORPORATION,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION**

This case is currently before the court on Bruce Foods Corporation's ("Bruce Foods")

Motion for Partial Summary Judgment in Response to Masterbuilt Manufacturing, Inc.'s

("Masterbuilt") Motion to Dismiss, (doc. 27),[1] and Masterbuilt's Motion to Strike Bruce

Foods's Motion for Partial Summary Judgment, (doc. 29).  Upon consideration of the record,

the submissions of the parties, the arguments of counsel, and the relevant law, the court is

of the opinion that both motions are due to be denied.

**I.  SUMMARY JUDGMENT STANDARD**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once

the moving party has met its burden, the nonmoving party must go beyond the pleadings and

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each
document as it is filed in the court's record.

show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.  <u>STATEMENT OF FACTS</u>

In March of 2010, Masterbuilt filed a lawsuit against Bruce Foods in the United States District Court for the Middle District of Georgia for patent infringement and trade dress infringement.  (*See generally* doc. 16-1.)  Masterbuilt amended its Georgia complaint on September 10, 2010, adding allegations that Bruce Foods's "Cajun Injector Electric Smoker," "Cajun Injector Electric Smoker Stainless Steel," and other similarly configured smokers (the "2010 Accused Smokers") infringed upon Masterbuilt's design patent U.S. Patent No. D616,243 (the "'243 Patent") and trade dress.  (Doc. 16-2 ¶¶ 83-102 & 118-125.)  The parties resolved the case by entering into a settlement agreement (the "Settlement Agreement") in August of 2011.  (Doc. 16 ¶¶ 10-11.)  Shortly thereafter, Masterbuilt and Bruce Foods filed a Joint Voluntary Stipulation of Dismissal with Prejudice of All Claims, thereby dismissing the Georgia lawsuit with prejudice.  (Doc. 27-3 at 2-3.)

Masterbuilt commenced this litigation against Bruce Foods on September 24, 2012. (*See* doc. 2.)  Among other claims, Masterbuilt alleges that Bruce Foods continues to sell electric smokers that infringe upon the '243 Patent and its trade dress.  (Doc. 16 ¶¶ 28-37 & 69-74.)  According to the First Amended Complaint, Masterbuilt learned in April of 2012

that Bruce Foods sells electric smokers (the "2012 Accused Smokers") nearly identical in appearance to the 2010 Accused Smokers and the design claimed in the '243 Patent.  (*Id.* ¶¶ 12 & 15.)  Masterbuilt later learned that Bruce Foods sells an electric smoker with a two-latched configuration (the "2-Latched Smoker") and another smoker (the "Cabela's Smoker") which mirror in appearance the 2010 and 2012 Accused Smokers and the design claimed in the '243 Patent.  (*Id.* ¶¶ 17-18 & 20-21.)  Based on these allegations, Masterbuilt asserts '243 Patent infringement claims and trade dress infringement claims relating to the 2012 Accused Smokers, the 2-Latched Smoker, and the Cabela's Smoker.  (*Id.* ¶¶ 23-35, 69-73, 81 & 91.)  In addition, Masterbuilt also asserts a '243 Patent infringement claim relating to the 2010 Accused Smokers, which were the subject of the Georgia litigation.  (*Id.* ¶ 35.)

Bruce Foods responded to the First Amended Complaint by filing an Answer and Counterclaim. (Doc. 19.) On December 21, 2012, Masterbuilt moved to dismiss Counts I-III of the Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, primarily arguing that dismissal was warranted on res judicata grounds.  (Docs. 21 & 21-1.)  Specifically, Masterbuilt argued that Counts I-III are virtually identical to claims previously asserted by Bruce Foods in litigation between the parties before the United States District Court for the Western District of Louisiana.  (Doc. 21-1 at 5-6 & 8-9.)  The court has addressed and denied Masterbuilt's Motion to Dismiss by separate Memorandum Opinion and Order.  (Docs. 43 & 44.)

On January 28, 2013, Bruce Foods filed the instant Motion for Partial Summary Judgment in Response to Masterbuilt's Motion to Dismiss, arguing that "what is good for the goose is good for the gander" and "to the extent Masterbuilt argues that the prior dismissal of the action between the parties in Louisiana gives rise to res judicata, the prior dismissal of the action between the parties in Georgia must be entitled to the same preclusive effect." (Doc. 27 at 3.)   Bruce Foods contends that because the parties jointly stipulated to the dismissal of the Georgia action with prejudice wherein Masterbuilt alleged that the 2010 Accused Smokers and other similarly configured smokers infringed upon the '243 Patent and its trade dress, Masterbuilt's current '243 Patent infringement claims and trade dress infringement claims are barred by res judicata. (*Id*. at 5-8.)  Masterbuilt has filed a brief in opposition and a Motion to Strike the Motion for Partial Summary Judgment. (Docs. 29 & 32.)

## III.  DISCUSSION

### A.    MOTION TO STRIKE, (doc. 29)

In its Motion to Strike, Masterbuilt argues that Bruce Foods's Motion for Partial Summary Judgment is due to be stricken for procedural reasons.  Masterbuilt contends that (1) Bruce Foods improperly moved for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure and (2) the Motion for Partial Summary Judgment fails to comply with the court's summary judgment requirements set forth in Appendix II to the Court's General Orders.

Masterbuilt's first argument relies on the erroneous assumption that the Motion for Partial Summary Judgment is not actually a motion and, therefore, does not "move for summary judgment" under Rule 56(a).  *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.").  Masterbuilt argues that the Motion for Partial Summary Judgment does not constitute a motion because Bruce Foods filed the Motion for Partial Summary Judgment as a response to Masterbuilt's Motion to Dismiss in the court's electronic filing system, not as an independent motion.  Masterbuilt's emphasis on the manner in which Bruce Foods electronically filed the Motion for Partial Summary Judgment is misplaced, to say the least.  Bruce Foods makes abundantly clear in the title and introductory paragraph of the Motion for Partial Summary Judgment that it is indeed filing a motion and moving for partial summary judgment.  (Doc. 27 at 3 ["Bruce Foods thus moves this Court for partial summary judgment dismissing the claims asserted in Masterbuilt's First Amended Complaint that were previously asserted in the Georgia action."].)  Although the Motion for Partial Summary Judgment does argue that Masterbuilt's claims for infringement of the '243 Patent and its trade dress infringement claims should be dismissed for the same reasons that Masterbuilt argues that Counts I-III of Bruce Foods's Counterclaim should be dismissed, the fact remains that the Motion for Partial Summary Judgment is clearly a motion.

Masterbuilt's second argument is also without merit.  The Northern District of Alabama lists Appendix II to the Court's General Orders on its public website at http://www.alnd.uscourts.gov as a "sample" of the court's summary judgment requirements. Appendix II only becomes binding upon the parties once entered by the court.  Because the court has not yet entered Appendix II in this case, Bruce Foods was not required to adhere to the summary judgment requirements contained therein.[2]   Accordingly, Masterbuilt's Motion to Strike is due to be denied.

## B.      MOTION FOR PARTIAL SUMMARY JUDGMENT, (doc. 27)

As explained in the Memorandum Opinion addressing Masterbuilt's Motion to Dismiss, the application of res judicata is somewhat modified where the prior dismissal was predicated on the parties entering into a settlement agreement.  "Where the parties consent to . . . dismissal based on a settlement agreement," as did the parties in the Georgia lawsuit, "the principles of res judicata apply . . . to the matters specified in the settlement agreement, rather than the original complaint." *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004).  It is the terms of the settlement agreement interpreted under traditional contract principles, not the claims asserted in the original complaint, that govern the preclusive effect of the prior dismissal.  *Id*. at 1289.  Accordingly, the court should "look to the agreement itself to determine what claims the parties intended to be finally and forever barred by the dismissal." *Ruple v. Hartford Life & Accident Ins. Co.*, 340 F. App'x 604, 610

---

[2]  Although Appendix II is not binding until its entry on the record, parties are strongly encouraged to comply with its summary judgment requirements at all times.

(11th Cir. 2009) (citing *Norfolk S. Corp.*, 371 F.3d at 1288) (finding that the appellant did not carry his burden of showing that res judicata was applicable when he neither submitted the settlement agreement into evidence nor discussed the contents of the agreement in argument).

The court denied Masterbuilt's Motion to Dismiss because Masterbuilt failed to submit the Settlement Agreement into evidence.[3]  Instead, Masterbuilt relied exclusively on the documents filed in the Louisiana lawsuit and the claims asserted in Bruce Foods's Counterclaim.  Bruce Foods commits the same error here.  "[T]he Settlement Agreement must be placed into evidence before the court can determine with absolute certainty what claims the Settlement Agreement covers and what claims [Masterbuilt] is barred from litigating in subsequent lawsuits."  (Doc. 43 at 7 [citing *Ruple*, 340 F. App'x at 610].) Consequently, because "what is bad for the goose is bad for the gander," Bruce Foods's Motion for Partial Summary Judgment is due to be denied.

## VI.  CONCLUSION

Based on the foregoing, the court is of the opinion that Bruce Foods's Motion for Partial Summary Judgment, (doc. 27), and Masterbuilt's Motion to Strike, (doc. 29), are due

---

[3]  Had Masterbuilt submitted the Settlement Agreement into evidence and the court considered the agreement, the Motion to Dismiss would have been converted into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d).  Masterbuilt purposefully excluded the Settlement Agreement from the attachments to its Motion to Dismiss in order to avoid this conversion.  (*See* doc. 21-1 at 11.)

to be denied.  An Order in accordance with this Memorandum Opinion will be entered

contemporaneously herewith.

      **DONE**, this 20th day of September, 2013.


                                        *Sharon Lovelace Blackburn*

                                        SHARON  LOVELACE  BLACKBURN
                                        CHIEF UNITED STATES DISTRICT JUDGE